Filed 6/23/21  P. v. Herrell CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHANTE LSHAY HERRELL,<br><br>    Defendant and Appellant. | B308971<br>(Los Angeles County<br> Super. Ct. No. TA140649) |

APPEAL from an order of the Superior Court of Los Angeles County, Pat Connolly, Judge.  Affirmed.

California Appellate Project and Richard B. Lennon, Executive Director, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Shante Lshay Herrell appeals from a summary denial of her post-judgment petition for recall and resentencing pursuant to Penal Code[1] section 1170.95, subdivision (d), seeking to have the trial court strike a firearm enhancement based on a 2019 change in law permitting courts to strike such previously mandatory enhancements. Appellant contends the trial court erred in denying her petition on the ground that there was no legal basis for relief. Finding no error, we affirm.

## BACKGROUND AND DISCUSSION

The record does not contain the factual background in this matter, nor is that background relevant to our decision. In 2017, appellant pled no contest to attempted murder (§§ 664/187, subd. (a)), and admitted personally using a firearm (§ 12022.53, subd. (b)) and inflicting great bodily injury (GBI) (§ 12022.7, subd. (a)) in the commission of the offense. On February 28, 2017, appellant was sentenced to 22 years in prison, consisting of the upper base term of nine years, enhanced by 10 years for the firearm allegation and three years for the GBI allegation. Appellant did not appeal the judgment which became final in 2017.

On September 17, 2020, appellant filed a petition for recall of sentence pursuant to section 1170.95, subdivision (d). Appellant's petition requested that the trial court strike the firearm enhancement based on a 2019 change in law granting courts discretion to strike such previously mandatory enhancements. The court summarily denied

---

[1]     Statutory references are to the Penal Code.

appellant's motion for recall because there was "no legal basis for relief." Moreover, the trial court said that, to the extent appellant's petition sought resentencing, it was denied on the ground that "any such motion must be made within 120 days of the original commitment." Appellant was sentenced in February 2017, thus the trial court concluded it lacked "jurisdiction to act beyond the 120 days of sentence and [appellant had] no standing to make said motion." Appellant filed a timely Notice of Appeal from the ruling as a post-judgment order affecting substantial rights. (§ 1237, subd. (b).)

We appointed counsel for appellant. Citing *People v. Serrano* (2012) 211 Cal.App.4th 496, counsel filed an opening brief setting out the pertinent procedural history, and a February 16, 2021, declaration stating he had "reviewed the entire record," and found no "arguable issues to raise on appeal." Counsel stated that he had explained his evaluation of the appellate record to appellant and informed her of her right to file a supplemental brief. On February 18, 2021, we advised appellant she had 30 days to file a supplemental brief.

On March 15, 2021, appellant filed a two-page letter (supplemental brief), which we have read and considered. Pursuant to *People v. Cole* (2020) 52 Cal.App.5th 1023 (review granted Oct. 14, 2020, S264278), on appeal from an order denying postconviction relief our sole obligation is to "evaluate [the] arguments presented" in the appellant's supplemental brief. (*Id.* at p. 1040.)

Appellant's supplemental brief contains no substantive arguments to justify her claim that the trial court erred in denying her relief under

3

section 1170.95, subdivision (d) and the 120-day limitation under that statute had long since passed at the time she filed her petition. Instead, she argues she is entitled to resentencing because: (1) "GBI is an element of [her] offense,"[2] and the victim did not die as a result of injuries inflicted by appellant (citing § 12022.7, subds. (f) and (g), and *People v. Cook* (2015) 60 Cal.4th 922); (2) the trial court purportedly had discretion to strike a firearm enhancement in the interest of justice in her case, pursuant to section 1385, at the time of sentencing or resentencing; (3) policy changes adopted by prosecutors in Los Angeles County have changed the circumstances under which a firearm enhancement is charged or considered in sentencing; and (4) she risks contracting COVID-19 due to the conditions of her custody.

Appellant's supplemental brief addresses issues not addressed in the order from which she appeals and does not address the basis for her claim that she is entitled to relief under section 1170.95, subdivision (d). Accordingly, there are no grounds upon which to disturb the trial court's denial of relief.

---

[2] Section 12022.7, subdivision (f) defines GBI, and subdivision (g) provides that the "section shall not apply to murder or manslaughter or a violation of Section 451 or 452. Subdivisions (a), (b), (c), and (d) shall not apply if infliction of great bodily injury is an element of the offense."

4

**DISPOSITION**

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

MANELLA, P. J.

CURREY, J.